JOURNAL ENTRY and OPINION
{¶ 1} A jury awarded plaintiff Joan DeNigris damages of $2,500 for injuries she suffered after being bitten by a dog owned by defendant Hoyt Murray. The court instructed the jury that liability against Murray had been proven. Dissatisfied with the amount of the damage award (DeNigris claimed over $20,000 in medical expenses alone), DeNigris appeals, claiming that the damage award was so inadequate that it must have been the product of passion or prejudice.
 {¶ 2} In Homeyer-McGee v. Hood (Mar. 28, 2002) Cuyahoga App. No. 79552, we considered the same issue raised in the appeal and said that a claim "* * * that the damages were inadequate requires us to consider the weight of the evidence supporting those damages."
 {¶ 3} When reviewing the weight of the evidence, we recognize that the weight to be given the evidence and credibility of witnesses are issues left to the sound discretion of the trier of fact, whose findings are presumptively valid. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 4} The facts established that DeNigris was bitten on her arm by Murray's dog. DeNigris then fell on the ground, injuring her neck, back and leg. When she tried to rise from the ground, the dog knocked her down again. A police officer who made out a report on the incident noted the bite and testified that he saw "some redness" on DeNigris' leg. DeNigris received treatment for the bite at a hospital emergency room after she was unable to verify whether the dog's immunizations were current. The hospital characterized the bite as a "superficial laceration." Although DeNigris did not make any immediate complaints about her back at the time of the bite, she testified that she subsequently began experiencing a great deal of pain in her back. Her doctors claim that she has suffered permanent damage by way of a bulging disk in her back which causes her leg pain and nerve damage to her arm.
 {¶ 5} Even though medical expenses might be in evidence, the jury may still disbelieve the plaintiff's contentions about the nature and extent of his injuries. Homeyer-McGee, supra, citing Bottles v. Rentz
(Oct. 31, 1997), Hamilton App. No. C-960787, 960842. Murray defended the amount of damages by impeaching DeNigris' credibility. He showed that DeNigris did not seek medical attention for her back until several months after the accident, and went to physicians recommended by her attorney. He also showed that DeNigris had made prior complaints about dogs, and even testified that she was afraid of dogs despite admitting that she had owned five different dogs herself. Finally, DeNigris admitted that she was upset with Murray. DeNigris had dropped her eleven-year-old daughter off at the Murray house to play with Murray's eleven-year-old daughter. The Murrays apparently left the girls home alone, and DeNigris first learned of this fact when her daughter called for a ride home.
 {¶ 6} Although liability had been determined by the court, we find nothing in the record that could conceivably be interpreted as inflammatory or capable of causing passion or prejudice. "The amount of the verdict alone will not sustain a finding of passion or prejudice. There must be something contained in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the jury." Shoemaker v. Crawford (1991), 78 Ohio App.3d 53, 65. DeNigris points to nothing in the record, aside from the damage award itself, that would show passion or prejudice by the jury. In the end, the jury simply did not believe that the dog bite led to the amount of damages claimed by DeNigris. Because this finding was supported by competent, credible evidence, and because we are not permitted to substitute our judgment for that of the jury, we must overrule the assignment of error.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and DIANE KARPINSKI, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R.22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).